

JUSTIN H. WILKES
 1727 ½ Webster Avenue
 Los Angeles, CA 90026
 Telephone: (360) 362-8172
 Email: justicewithjustin@gmail.com

Self-Represented

no CV30

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN H. WILKES,<br><br>                    Plaintiff,<br><br>        v.<br><br>ESSENCE COMMUNICATIONS INC.,<br><br>RUSSELL TOBIN AND ASSOCIATES<br><br>LLC,<br><br>                    Defendants. | Case No.:  2:21-cv-05701-DMG-PDx<br>**COMPLAINT FOR DAMAGES**<br>(1) RACE DISCRIMINATION<br>**JURY TRIAL DEMANDED** |

## **JURISDICTION AND VENUE**

1.     This Court has subject matter jurisdiction pursuant to 42 U.S.C. § 2000e-5(f)(3) because each United States district court subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this title. Federal question jurisdiction exists pursuant to 28 U.S.C. § 1331 because this civil action arises under the laws of the United States.

Name: Justin H. Wilkes

Address: 1727 1/2 Webster Avenue

Los Angeles, CA 90026

Phone: (360) 362-8172

Fax:

In Pro Per

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Plaintiff<br><br>v.<br><br><br>Defendant(s). | CASE NUMBER:<br><br>Three Judge Panel<br><br>To be supplied by the Clerk of<br>The United States District Court<br><br>COMPLAINT |

2.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) and 42 U.S.C. 2000e-5(f)(3) because a substantial part of the events giving rise to this claim occurred in this district and because Plaintiff would have worked in this district but for the alleged unlawful employment practice by Defendants.

## **INTRODUCTION**

3.     This action is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*, which prohibits employment discrimination on the basis of race. This action alleges that Defendants discriminated against Plaintiff because of Plaintiff's race as Black or African American. Plaintiff seeks damages in an amount sufficient to compensate Plaintiff for Plaintiff's loss resulting from Defendants' conduct. Plaintiff hereby requests a jury trial on this matter.

## **PARTIES**

4.     Plaintiff JUSTIN H. WILKES is an individual and resident of Los Angeles County, California.

5.     Defendant ESSENCE COMMUINCATIONS INC. ("Essence") is a New York domestic corporation, with its principal place of business at 34 35th Street, Suite 5A, Brooklyn, NY 11232.

6.     Defendant RUSSELL TOBIN AND ASSOCIATES LLC ("Russell Tobin") is a New York domestic limited liability company, with its principal place of business at 420 Lexington Ave #30, 30th Floor, New York, NY 10170.

## STATEMENT OF FACTS

**A.**     **Defendants' Discriminated Against Plaintiff in Violation of Title VII of the Civil Rights Act of 1964**

7.     This is an action for damages based upon Defendants' practice of employment discrimination against Plaintiff in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

8.     Plaintiff is Black or African American.

9.     On October 10, 2020, Plaintiff applied for a legal position with Russell Tobin. Russell Tobin sought applicants to fill a Contract Counsel position for Essence on a remote basis.

10.     Defendants intentionally sought to discriminate against Plaintiff. Defendants also caused Plaintiff to experience delays. As a result, Plaintiff suffered severe mental and emotional distress.

11.     Between October 12-15, 2020, Defendants set out to toy with Plaintiff.

12.     On one occasion, leading up to Plaintiff's interview on October 12, 2020, Russell Tobin's Associate Director of Legal Recruitment Abby Crist sought to confirm an interview with Plaintiff the same day.

13.     Before confirming, Ms. Crist requested Plaintiff's availability. Ms. Crist was interested in interviewing Plaintiff that afternoon in Eastern Standard Time

("EST") or, alternatively, the following day.

14.     Plaintiff replied the same day. Plaintiff proposed interviewing in the afternoon. Plaintiff inquired then as to which time zone Ms. Crist was in. Plaintiff received no response.

15.     As the afternoon approached, Ms. Crist did not reach out. Plaintiff became concerned. Plaintiff questioned whether Ms. Crist's desire to interview Plaintiff had changed.

16.     Defendants then sought to mentally abuse Plaintiff.

17.     Ms. Crist thereafter intentionally failed to follow up with Plaintiff until Plaintiff reached out later that day. Ms. Crist's availability, at that point, had changed.

18.     Ms. Crist then offered to interview Plaintiff later that afternoon in Pacific Standard Time ("PST"). Plaintiff, at that point, perceived that something was off.

19.     Plaintiff started to question. Plaintiff took note of Ms. Crist's shift in schedule from Eastern Standard Time to Pacific Standard Time conveniently at the same time of day. From Plaintiff's perspective, it seemed that Ms. Crist had tricked Plaintiff. Plaintiff still had yet to discover how.

20.     Around 2:00 PM PST the same day, Ms. Crist interviewed Plaintiff. During their conversation, Ms. Crist gave Plaintiff the impression that Plaintiff would likely be hired for the Contract Counsel position. Plaintiff became confused.

Plaintiff's performance, as a result, suffered.

21.     Ms. Crist assured Plaintiff that Ms. Crist previously placed attorneys for this role. Ms. Crist emphasized that Essence often hired attorneys with backgrounds similar to Plaintiff. Plaintiff relied on Ms. Crist's assurances.

22.     Ms. Crist then concluded the interview. Ms. Crist subsequently invited Plaintiff for a follow-up interview. Ms. Crist scheduled time for Plaintiff to speak with Essence's Senior Corporate Counsel Ms. Evans.

23.     Ms. Evans then picked up where Ms. Crist left off. Ms. Evans carried the mental abuse a step further.

24.     Following the interview, Defendants caused several disturbances leading up to Plaintiff's interview on October 15, 2020.

25.     In an attempt to set up Plaintiff's next interview, Ms. Crist followed up. Ms. Crist requested Plaintiff's availability. Plaintiff, similar to the interview on October 12, 2020, proposed the afternoon. Ms. Crist confirmed. Ms. Crist later shared Plaintiff's proposed interview time with Ms. Evans.

26.     Before doing so, Ms. Crist encouraged Plaintiff to text Ms. Crist with any questions regarding the Contract Counsel position. Ms. Crist made the same request to Plaintiff several times.

27.     On October 13, 2020, Ms. Evans reached out to Plaintiff. Contrary to

Plaintiff's discussion with Ms. Crist, Ms. Evans scheduled an interview in the morning. Ms. Evans proposed 10:00 AM PST on October 14, 2020.

28.     On October 14, 2020, approximately a half an hour prior to Plaintiff's scheduled interview, Ms. Evans rescheduled. This time, Ms. Evans proposed 6:00 AM PST the following day.

29.     Plaintiff then followed up with Ms. Crist. At that point, Defendants' actions began to concern Plaintiff.

30.     Plaintiff then asked Ms. Crist to check the status of a separate application. Plaintiff previously responded to another vacancy with Russell Tobin. The role supported an organization not 100% Black-owned. Ms. Crist never responded.

31.     On October 15, 2020, Ms. Evans interviewed Plaintiff for the Contract Counsel position. At the outset, Ms. Evans explained that Essence had recently changed the salary previously shared for the position. Ms. Evans' comment disoriented Plaintiff. Plaintiff's performance suffered as a result.

32.     Ms. Evans then proceeded to ask questions that placed Plaintiff at a disadvantage. Ms. Evans inquired about Plaintiff's legal experience in entertainment, which Plaintiff could not disclose. Ms. Evans knew that Plaintiff could not disclose the information requested. Ms. Evans caused Plaintiff to fail.

33.     On October 21, 2020, Defendants rejected Plaintiff for the Contract Counsel position.

**B.      The United States Equal Employment Opportunity Commission's New York District Office and Atlanta District Office Discriminated Against Plaintiff After Rejection**

34.     Following Plaintiff's rejection, the Equal Employment Opportunity Commission ("EEOC") sought to deprive Plaintiff of due process.

35.     On February 20, 2021, on two occasions, the EEOC prevented Plaintiff from scheduling an intake interview. These instances occurred the same day after Plaintiff filed a charge of discrimination against Essence and, separately, against Russell Tobin.

36.     On both occasions, the EEOC blocked Plaintiff's attempts to reschedule. Plaintiff made several attempts on the EEOC Public Portal. Each attempt to reschedule was unsuccessful. No available interview times were displayed.

37.     The EEOC then, on several occasions, harassed Plaintiff with reminder emails. On February 22, 2021, February 24, 2021 and February 25, 2021, with regards to Essence, the EEOC sent Plaintiff reminders explaining that an intake interview was required to complete the filing process. Again, on February 23, 2021 and February 24, 2021, with regards to Russell Tobin, the EEOC sent Plaintiff reminders explaining the

same.

38.    The EEOC thereafter blocked Plaintiff's attempts to reschedule an intake interview yet again. Plaintiff, once again, made several attempts to reschedule both interviews on the EEOC Public Portal. Each attempt was unsuccessful. No available interview times were displayed.

39.    The New York District Office and Savannah Local Office then failed eventually to conduct intake interviews with Plaintiff altogether. Plaintiff became concerned.

40.    The New York District Office and Savannah Local Office's actions caused Plaintiff to overlook the EEOC filing process for two months.

41.    On April 13, 2021, Plaintiff then filed a signed charge of discrimination against Essence by email with New York District Office's Director Judy Keenan. Plaintiff also filed a similar charge against Russell Tobin with the Atlanta District Office the same day. Plaintiff addressed the charge to Savannah Local Office's Omayra Padilla. Plaintiff requested a Notice of Right to Sue in both emails separately.

42.    The New York District Office then caused Plaintiff to not receive a Notice of Right to Sue by mail. Although, on April 14, 2021, the New York District Office's Supervisory E.O. Investigator Hernan Morales notified Plaintiff by email to the contrary. At that time, Mr. Morales explained that the EEOC mailed a notice to

Plaintiff about Plaintiff's charge against Essence.

43.     In the same email received by Plaintiff on April 14, 2021, the New York District Office misinformed Plaintiff. The New York District Office instructed Plaintiff to send future charges to newyfaxenf@eeoc.gov. Plaintiff was stunned.

44.     The New York District Office then, on the same day, added a Notice of Right to Sue on the EEOC Public Portal with regards to Plaintiff's charge against Essence. The notice added by Mr. Morales was unusual. Mr. Morales caused for Essence's name and address to appear on the back page of the notice.

45.     On April 19, 2021, Savannah Local Office's Investigator Chantel Tucker responded to Plaintiff. Ms. Tucker chose to condescendingly reply to Plaintiff. Ms. Tucker sought to clarify Plaintiff's request on February 13, 2021 for a Notice of Right to Sue. Ms. Tucker asked that Plaintiff, again, send a request in writing.

46.     The same day, Ms. Tucker followed up with an unusual request. In light of a recent change, Ms. Tucker required Plaintiff to provide the "name, number, address and most important email address" for the human resources contact at Russell Tobin. Ms. Tucker requested that Plaintiff do so "as soon as possible."

47.     On April 20, 2021, the harassment continued.

48.     Ms. Tucker followed up a third time. Ms. Tucker asked Plaintiff to confirm receipt of Ms. Tucker's previous emails on April 19, 2021. Ms. Tucker, in

addition, asked Plaintiff to clarify whether Plaintiff previously requested a Notice of Right to Sue on February 13, 2021.

49.     Then again on April 29, 2021, Ms. Tucker called Plaintiff. Ms. Tucker did not schedule the call. Ms. Tucker, again, asked Plaintiff to provide a name, number, address and email for the human resources contact at Russell Tobin. At that time, Ms. Tucker forced Plaintiff to conduct a search for the information. Plaintiff followed up with Ms. Tucker. Plaintiff provided the information requested by email. Plaintiff did so to avoid Ms. Tucker's incessant communications.

50.     Plaintiff unfortunately was unsuccessful. Ms. Tucker followed up again. This time, in further imparting a delay, Ms. Tucker shared that processing had now begun with regards to Plaintiff's Notice of Right to Sue.

51.     Around May 3, 2021, the Savannah Local Office finally mailed a Notice of Right to Sue to Plaintiff on two separate occasions. The notices mailed related to Plaintiff's charge against Russell Tobin.

52.     Intending to further abrogate Plaintiff's right to sue, Plaintiff experienced a delay in receiving these notices. The Post Office in Jacksonville, FL postmarked the envelope that included one notice on May 5, 2021. Plaintiff, however, did not receive the notice until May 16, 2021. The Post Office in Jacksonville, FL and the receiving Post Office in Virginia caused Plaintiff to experience a delay.

53.     The Savannah Local Office then sent a second envelope by mail. This time, postmarked on June 17, 2021. Imparting a delay once again, Plaintiff did not receive the second envelope until June 26, 2021.

## <u>CAUSE OF ACTION</u>

**(For Race Discrimination in Violation of Title VII of the Civil Rights Act of 1964 by Plaintiff Justin H. Wilkes against Defendant Essence Communications Inc. and Defendant Russell Tobin and Associates LLC)**

54.     Plaintiff repeats and realleges the foregoing allegations with the same force and effect as if fully set forth herein.

55.     Plaintiff believes and alleges that race was a motivating factor in Defendants decision not to hire Plaintiff in October 2020.

56.     Defendants subjected Plaintiff to discrimination as an applicant for the Contract Counsel position. The New York District Office and Atlanta District Office harassed and caused Plaintiff delays to follow.

57.     Defendants' conduct as alleged constitutes an unlawful employment practice in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

58.     Title VII of the Civil Rights Act of 1964 prohibits employment

discrimination on the basis of race. Section 703(a)(1), as codified in 42 U.S.C. §

2000e-2(a)(1) of the United States Code, provides that it shall be an unlawful

employment practice for an employer:

> "to fail or refuse to hire or to discharge any individual, or
>
> otherwise to discriminate against any individual with respect to
>
> his compensation, terms, conditions, or privileges of
>
> employment, because of such individual's race, color, religion,
>
> sex, or national origin…"

Provided in section 703(a)(2), as codified in 2000e-2(a)(2) of the United States

Code, it is impermissible for an employer:

> "to limit, segregate, or classify his employees or applicants for
>
> employment in any way which would deprive or tend to deprive
>
> any individual of employment opportunities or otherwise
>
> adversely affect his status as an employee, because of such
>
> individual's race, color, religion, sex or national origin."

As previously described in section 703(a)(1), section 703(m) further emphasizes

that:

> "Except as otherwise provided in this title, an unlawful
>
> employment practice is established when the complaining party

demonstrates that race, color, religion, sex, or national origin

was a motivating factor for any employment practice, even

though other factors also motivated the practice."

59.     In Griggs v. Duke Power Co., 401 U.S. 424, 429 (1971), the United States

Supreme Court explained that:

"the language of Title VII makes plain the purpose of Congress

to assure equality of employment opportunities and to eliminate

those discriminatory practices and devices which have fostered

racially stratified job environments to the disadvantage of

minority citizens."

Griggs held that:

"What is required by Congress is the removal of artificial,

arbitrary, and unnecessary barriers to employment when the

barriers operate invidiously to discriminate on the basis of

racial or other impermissible classification." Id. at 431.

60.     The United States Supreme Court, in Texas Dep't of Cmty. Affairs v.

Burdine, 450 U.S. 248, 254 (1981), defined the burden of proof under Title VII of the

Civil Rights Act of 1964. Id. at 248. To establish a prima facie case of disparate

treatment, Burdine provided that a:

"The plaintiff must prove by the preponderance of the evidence that [he] applied for an available position for which [he] was qualified, but was rejected under circumstances which give rise to an inference of unlawful discrimination." Id. at 253.

61.     In this case, Defendants' refusal to hire Plaintiff for the Contract Counsel position violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

62.     As proscribed in section 703(a)(1), Defendants engaged in an unlawful employment practice when Defendants refused to hire Plaintiff for the Contract Counsel position in October 2020 because of Plaintiff's race as Black or African American. Plaintiff's claim for discrimination arose when Defendants rejected Plaintiff following several occasions between October 10-21, 2020 and then followed by the New York District Office and Atlanta District Office's harassment between February 20, 2021until June 26, 2021.

63.     Defendants impermissibly limited, segregated and classified Plaintiff as an applicant because of Plaintiff's race. Defendants' conduct deprived Plaintiff of the Contract Counsel opportunity. Defendants' conduct resulted in Plaintiff being blackballed from Defendants' organization, as forbidden by section 703(a)(2).

64.     Race was a motivating factor for Defendants' employment practice against Plaintiff, as described in section 703(m).

65.     Similar to <u>Griggs</u>, Defendants fostered a racially stratified job environment to Plaintiff's disadvantage. Defendants created disturbances in Plaintiff's hiring process from October 10-21, 2020, which caused Plaintiff to suffer emotional distress. Defendants failed to assure equal employment opportunity in these instances. As a result, Defendants also failed to eliminate discriminatory practices likely motivated by the pandemic and the political climate of today.

66.     Defendants sought to create artificial, arbitrary, and unnecessary barriers that prevented Plaintiff, as a member of a racial minority, from being selected for the Contract Counsel position. The barriers imposed by Defendants, on a number of occasions, operated to invidiously discriminate on the basis of Plaintiff's race and, as a result, disproportionately impacted communities of color.

67.     Plaintiff has suffered and will continue to suffer substantial losses in earnings and job benefits. Plaintiff has suffered and will continue to suffer mental and emotional distress, pain and suffering, all to Plaintiff's damage in an amount to be proven at trial. Plaintiff was rendered sick, sore and disabled, both internally and externally, and has suffered numerous internal injuries, such as severe fright, shock, pain and discomfort. The exact nature and extent of said injuries are not known to Plaintiff, who will request leave of court to insert the same when ascertained. Plaintiff does not at this time know the exact permanence of said injuries, but is informed and believes, and thereon alleges, that some of Plaintiff's injuries are reasonably certain to be permanent in character.

68.     Defendants intentionally engaged in the unlawful employment practice described against Plaintiff. Plaintiff, therefore, is entitled to an award of punitive damages against Defendants.

69.     Plaintiff has suffered damages and seeks all remedies available at law and in equity in an amount to be proven at trial.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

1.     For affirmative action as may be appropriate.

2.     For each offense in an amount that may be determined by a jury.

3.     For a permanent injunction or other order to ensure full and fair consideration from Defendants if Plaintiff seeks similar employment in the future.

4.     For compensatory damages, including back pay, lost wages and benefits, emotional and mental distress, medical and related expenses for care and procedures both now and in the future, and other pecuniary loss not presently ascertained according to proof in an amount to be determined at trial.

5.     For punitive damages.

6.     For prejudgment interest on all amounts claimed.

7.     For any other equitable relief as the Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury of all issues so triable.


Respectfully submitted,


DATED:        July 14, 2021                    JUSTIN H. WILKES


By: _____

        JUSTIN H. WILKES

EEOC Form 161-B (11/2020)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: Justin H. Wilkes
1727 1/2 Webster Ave.
Silver Lake, CA 90026

From: Savannah Local Office
7391 Hodgson Memorial Drive
Suite 200
Savannah, GA 31406

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 415-2021-00787 | **Chantel Tucker,** Investigator | **(912) 920-4266** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Omayra Padilla
Digitally signed by Omayra Padilla
Date: 2021.05.03 15:22:44 -04'00'

5/03/2021

Enclosures(s)

**Omayra Padilla,**
**Director**

*(Date Issued)*

cc:
Malia Santangelo
**RUSSELL TOBIN & ASSOCIATES**
**420 LEXINGTON AVE # 30**
**30TH FL.**
**New York, NY 10170**

EEOC Form 161-B (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | | |
|---|---|---|
| To: **Justin H. Wilkes**<br>1727 1/2 Webster Ave.<br>Silver Lake, CA 90026 | From: | **New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004** |

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2021-01863** | **Hernan Morales,**<br>**Supervisory Investigator** | **(929) 506-5315** |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Hernan

Hernan Morales Morales

Digitally signed by Hernan Morales
DN: cn=Hernan Morales, o=U.S. Equal
Employment Opportunity Commission,
ou, email=hernan.morales@eeoc.gov,
c=US
Date: 2021.04.14 11:27:53 -04'00'

04/14/2021

For

*(Date Issued)*

Enclosures(s)

**Judy A. Keenan,**
**District Director**

cc:

**ESSENCE COMMUNICATIONS INC.**
34 35th Street, Suite 5A
Brooklyn, NY 11232